USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SPIN MASTER, INC. AND SPIN MASTER :
LTD., :
:
Plaintiffs, : 17-CV-5845 (VSB)
:
-against- : **OPINION & ORDER**
:
AMY & BENTON TOYS AND GIFTS CO., :
LTD., et al., :
:
Defendants. :
:
-----------------------------------------------------------X

Appearances:

Ashley Erin Sands
Jason M. Drangel
Jennette Elizabeth Wiser
Mary Catherine Brennan
Epstein Drangel LLP
New York, NY
*Counsel for Plaintiffs*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs, Spin Master, Inc. and Spin Master Ltd. (collectively, "Plaintiffs"), who are part of a large multinational toy and entertainment company, bring this copyright and trademark infringement action against forty-seven Defendants. The Defendants are all China-based businesses that sell to the United States through online storefronts.[1] Before me is Plaintiffs'

---

[1] Plaintiffs filed notices of voluntary dismissal with respect to twenty-seven Defendants. (Docs. 25–28, 31, 33–53.) The forty-seven remaining Defendants are: Guigang KM Oversea Trading Co., Ltd.; Jinhua Yinuo Toys Co., Ltd.; Ningbo Holly Intelligent Technology Co., Ltd.; Ningbo Nblossom Craft & Gift Co., Ltd.; Shanghai Greatwall Industrial Co., Ltd.; Shantou Denko Electronics Toys Co., Ltd. a/k/a Shantou Denko Electronics Network Co., Ltd.; Shantou Easemate Toys Co., Ltd.; Shantou Funnykids Toys Co., Ltd.; Shantou Pretty Coast Plastic Toys Co., Limited; Shenzhen Ownshine Toys Limited; Yiwu Eco-Artifact Co., Ltd.; Yiwu Hei Du Trade Co., Ltd. d/b/a China Wholesale supermarket; Yiwu Jiudi Toys Co., Limited; Anlinbaby China Store; BTEFKR Store; Children's Dream World; DouQu Toy Ltd. Store; Fashion Your Men; ForestSunshine Store; Hltree Boutique Maternal Supplies & Toy

motion for summary judgment. (Doc. 32.) For the reasons stated below, the motion is GRANTED in part and DENIED in part.

I. **Background**

The following facts are taken from Plaintiffs' 56.1 Statement and the declarations and exhibits attached to Plaintiffs' Application. As Defendants have failed to appear, the facts are uncontested. In addition, Defendants have failed to appear or otherwise request additional time to respond to the complaint, therefore admitting all "well-pleaded" factual allegations contained in the complaint. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).[2]

Plaintiffs are part of a multinational toy and entertainment company that designs and sells children's lifestyle products and toys. (56.1 Stmt. ¶ 6.)[3] Plaintiffs' allegations and causes of action relate to one such toy, Bunchems, which are small plastic balls that can be connected to form different shapes and characters and then pulled apart to build new formations, (*id.* at ¶ 9; Harrs Decl. ¶ 6)[4], for which Plaintiffs have a registered trademark, No. 4,980,743, (56.1 Stmt. ¶ 12). Plaintiffs have registered copyrights in the product's packaging: U.S. Copyright Reg. No. VA 1-999-337; U.S. Copyright Reg. No. VA 2-014-509; and U.S. Copyright Reg. No. VA 2-

---

Store; JKLMOONSALER Store; Kennan's Toy World Store; MA*BB Skies Store; Hunan Leadshopping E-Commerce Co., Store f/k/a Mummy's Surprise to Baby Store; ToysKu Store; Trendy Toy Store; ZOU TRADING CO., LTD.; baibuju9; Beautylife66; JYD International Co., Ltd. d/b/a Bohao88; C360; Comely2015; Fw781; Shenzhen Fuzecheng Technology Co., Ltd. d/b/a Hongkong Gamers Trading Co Ltd d/b/a Gamers; Harveye; Huayeyu; Jeantree Baby Clothings; Lbdbaby a/k/a TongTong Yang; Liuliansheng; Scot; Shinana; Bestar International Industrial Limited d/b/a Shinxn2008; Smilewo; Sportsoutdoor; Vanilla17; Xiamen Yu Taigu Trade Co., Ltd. d/b/a Youyou93; and Zzj905532742. These forty-seven defendants are hereinafter referred to as "Defendants."

[2] "[A] district judge . . . possesses the inherent power to enter a default." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128 (citation omitted).

[3] "56.1 Stmt." refers to Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment and Permanent Injunction, filed on October 24, 2017. (Doc. 32-2.)

[4] "Harrs Decl." refers to Declaration of Christopher Harrs, unsealed on August 25, 2017. (Doc. 15.)

2

014-0510. (*Id.* at ¶ 13.) Plaintiffs also own numerous common law copyrights. (*Id.*) The success of Bunchems is due in large part to Plaintiffs' marketing, promotion, and distribution efforts, which include advertising and promotion through Plaintiffs' website, nationwide television advertising campaigns, print and internet-based publicity, placement of the products at major retail outlets, and participation in trade shows. (Harrs Decl. ¶ 16.)

Defendants have numerous listings for Counterfeit Bunchems[5] on their online storefronts. (56.1 Stmt ¶ 31–32; Arnaiz Decl. Ex. D.)[6] The marks used by Defendants for Counterfeit Bunchems are almost identical to Plaintiffs' mark. (*See* Compl. ¶ 113; *id.* Ex. A; Arnaiz Decl. Ex. A.)[7]

Through their investigation with a third-party consulting firm, Plaintiffs' counsel observed Defendants offering to sell and ship the Counterfeit Bunchems to customers in New York. (56.1 Stmt. ¶¶ 34–39; Arnaiz Decl. ¶¶ 11–17, Ex. A.) Plaintiffs determined that the Counterfeit Bunchems sold by Defendants are counterfeit through visual examination of Defendants' listings, (56.1 Stmt. ¶ 41; Harrs Decl. ¶ 26; *see also* Wolgang Decl. ¶¶ 15–16, Ex. A),[8] the low prices at which Defendants are offering Bunchems, (56.1 Stmt. ¶ 40), and because no authentic Bunchems are available on Alibaba.com, AliExpress.com, or DHGate.com, (*id.*). Defendants are not and have never been authorized distributors or licensees of Bunchems. (*Id.* ¶42; *see also* Harrs. Decl. ¶ 27.)

The websites Alibaba.com, AliExpress.com, and DHGate.com host Defendants'

---

[5] "Counterfeit Bunchems" refers products bearing and/or using Plaintiffs' trademark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of Plaintiffs' trademark and/or displaying and/or incorporating Plaintiffs' copyrighted materials and/or works that are substantially similar to, identical to and constitute infringement of Plaintiffs' copyrighted material and/or otherwise infringe Bunchems.

[6] "Arnaiz Decl." refers to Declaration of Jessica Arnaiz, unsealed on August 25, 2017. (Doc. 14.)

[7] "Compl." refers to the Complaint, unsealed on August 25, 2017. (Doc. 8.)

[8] "Wolgang Decl." refers to Declaration of Spencer Wolgang, unsealed on August 25, 2017. (Doc. 16.)

storefronts, (*id.* ¶¶ 14, 20, 22, 31), and are "notorious markets" for counterfeiters, according to the United States Trade Representative, (*id.* ¶ 19). These websites do not terminate a seller's account despite repeated reports of infringement, (*id.* ¶ 21), and they permit sellers to operate with almost complete anonymity, (*id.* ¶ 23). Sellers often use false aliases and addresses to conceal their identities, and they use shipping services that permit incorrect or incomplete return addresses to conceal their identities. (*Id.* ¶¶ 24–25.)

## II. **Procedural History**

Plaintiffs commenced this action with an *ex parte* application for: (1) a temporary restraining order ("TRO"); (2) an order to show cause why a preliminary injunction should not issue; (3) an asset restraining order; (4) an order authorizing alternative service by electronic mail; and (4) an order authorizing expedited discovery against all Defendants ("Application"). The Complaint alleges eight causes of action: (1) trademark counterfeiting under sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b–c); (2) infringement of registered trademarks, under 15 U.S.C. § 1114/Lanham Act § 32(a); (3) false designation of origin, passing off, and unfair competition, under 15 U.S.C. § 1125(a)/Lanham Act § 43(a); (4) federal copyright infringement, under 17 U.S.C. § 501(a); (5) deceptive acts and business practices, under N.Y. Gen Bus. L. § 349; (6) false advertising, under N.Y. Gen. Bus. L. § 350; (7) unfair competition, under New York common law; and (8) unjust enrichment, under New York common law. (Doc. 8.) On August 3, 2017, I held a hearing on the Application. (*See* Doc. 23, at 5.) The following day, I entered an order granting Plaintiffs' Application and ordering Defendants to appear on August 24, 2017 to show cause as to why an order granting a preliminary injunction should not be entered. (*See* Doc. 17.) No Defendants appeared at the hearing or sought an adjournment, and on September 8, 2017, I entered an order converting the

4

TRO into a preliminary injunction. (Doc. 23.) Despite being properly served in this matter, (Doc. 19), Defendants have failed to appear or request an adjournment at any time since the filing of the action. Accordingly, Plaintiffs submit this unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 32.)

### III. Legal Standard

Summary judgment may not be granted unless a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden remains even when a party's motion is unopposed. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)). In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010) (citing *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005)). In addition, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks, citation, and alterations omitted).

## IV. Discussion

### A. *Infringement Claims*

#### 1. Trademark

In a Lanham Act action, summary judgment is appropriate "where the undisputed evidence would lead only to one conclusion" as to whether confusion is likely. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 493 (S.D.N.Y. 2015) (quoting *Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 960 (2d Cir. 1996)). To prevail on a trademark-infringement claim, "a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without the plaintiff's consent" and (6) "that defendant's use of that mark is likely to cause confusion as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff." *1-800 Contacts, Inc. v WhenU.com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (internal quotation marks omitted).

On the undisputed facts recounted above, I find that Defendants' use of counterfeit copies of Plaintiffs' mark is likely cause consumer confusion. *See Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 383 (S.D.N.Y. 2010). Here, the marks used by Defendants are nearly identical to Plaintiffs' mark. (*See* Compl. ¶ 113; *id.* Ex. A; Arnaiz Decl. Ex. D.) Although courts in the Second Circuit typically evaluate consumer confusion by considering the eight *Polaroid* factors, *see Polaroid Corp v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), in cases involving the use of counterfeit marks, "the Court need not undertake a factor-by-factor analysis under *Polaroid* because counterfeits, by their very nature, cause confusion,"

*Philip Morris USA Inc. v. Marlboro Express*, No. CV-03-1161 (CPS), 2005 WL 2076921, at *4 (E.D.N.Y. Aug. 26, 2005) (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003)).

Because Plaintiffs are entitled to summary judgment on their trademark counterfeiting and infringement claims, Plaintiffs are also entitled to summary judgment on their claims for false designation of origin, passing off, and unfair competition under § 43(a) of the Lanham Act. 15 U.S.C. § 1125(a); *see Richemont N. Am., Inc. v. Huang*, No. 12 Civ. 4443(KBF), 2013 WL 5345814, at *5 n.15 (S.D.N.Y. Sept. 24, 2013) (finding that a claim for unfair competition under the Lanham Act requires an identical test to that for infringement).

Accordingly, Plaintiffs' motion for summary judgment as to their Lanham Act claims is GRANTED.

### 2. Copyright

Copyright infringement requires the copyright holder to prove "ownership of a valid copyright, and . . . copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To establish copyright infringement, a plaintiff "must demonstrate that (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work]." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (internal quotation marks and emphasis omitted).

Plaintiffs have also established sufficient uncontroverted facts to support their copyright infringement claims. It is undisputed that Plaintiffs have valid certificates of registration for their Bunchems copyrights, specifically in Bunchems Mega Pack 400 packaging artwork, the Bunchems Bugs Creation Pack 1.0 packaging artwork, and the Bunchems Pets Creation Pack 1.0

packaging artwork, (56.1 Stmt. ¶ 13; Harrs Decl., Ex. C.), which creates a presumption of copyright validity, *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980). In addition, Plaintiffs have numerous common law copyrights. (56.1 Stmt. ¶ 13.) The undisputed facts further show that "the defendant has actually copied the plaintiff's work," and that "a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work]." *Yurman Design, Inc.*, 262 F.3d at 110. A side-by-side comparison of Plaintiffs' Bunchems artwork and Defendants' listings for these products reveals that Defendants have sought and succeeded to recreate Plaintiffs' imagery for their products. (*See* Compl. ¶¶ 113, 115.)

Given the similarity, the Court need not have direct evidence of Defendants' copying, *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("[W]here the works in question are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without an affirmative showing of access." (internal quotation marks omitted)). In any event, given Plaintiffs' significant advertising efforts and online presence, (Harrs Decl. ¶ 16), Defendants would have had ample opportunities to access to Plaintiffs' work. *See O'Keefe*, 590 F. Supp. 2d at 515 ("As proof of access, a plaintiff may show that . . . the infringed work has been widely disseminated." (internal quotation marks omitted)). Accordingly, Plaintiffs' motion for summary judgment as to their Copyright Act claims is GRANTED.

### B. *State Law Claims*

In addition, because Plaintiffs are entitled to summary judgment on their trademark passing off claim, they are also entitled to summary judgment on their deceptive practices and false advertising claims under New York state law. (Compl. ¶¶ 165–174; *Samsung Display Co.*

*v Acacia Research Corp.*, No. 14-CV-1353 (JPO), 2014 WL 6791603, at *5 (S.D.N.Y. Dec. 3, 2014) ("The analysis applied under § 43(a) of the Lanham Act, New York common law, and § 349 [and § 350] of the General Business Law is 'substantially the same.'" (quoting *Avon Prods., Inc. v. S.C. Johnson & Son, Inc.*, 984 F. Supp. 768, 800 (S.D.N.Y. 1997))).)

Whether the claims of unfair competition and unjust enrichment can survive is a more complicated question because such claims maybe preempted by federal law. Although the Lanham Act does not preempt equivalent state law claims, Section 301 of the Copyright Act does preempt state law actions that seek to vindicate rights equivalent to those protected under the Copyright Act. *See* 17 U.S.C. § 301(a); *Urbont v. Sony Music Entm't*, 831 F.3d 80, 93 (2d Cir. 2016). However, if an "extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright, and there is no preemption." *Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 893 (2d Cir. 2011) (internal quotation marks omitted). "[T]he essence of an unfair competition claim is that the defendant has misappropriated the labors and expenditures of another and has done so in bad faith." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 329 (E.D.N.Y. 2014) (internal quotation marks omitted). Unfair competition under New York law "closely parallels the elements of unfair competition under the Lanham Act, except that a plaintiff must show 'either actual confusion or a likelihood of confusion, and there must be 'some showing of bad faith' on the part of the defendants.'" *Richemont N. Am., Inc.*, 2013 WL 5345814, at *5 n.15 (quoting *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 606 (S.D.N.Y. 2012)).

Here, because Plaintiffs have already established unfair competition under the Lanham Act, the only question is whether Plaintiffs have made "some showing of bad faith." *Id.* I find

9

that because there is ample evidence of bad faith, Plaintiffs have established their unfair competition claim based on Defendants' use of the Bunchems trademark. The undisputed facts show that Defendants have been selling counterfeit goods and concealing their identities to frustrate enforcement of a judgment. (*See* 56.1 Stmt. ¶¶ 31–40; *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 436 (S.D.N.Y. 2012) (noting that "bad faith is presumed" in counterfeiting cases). In addition, Defendants have failed to appear in this action. *Cf. Chloe v. Zarafshan*, No. 1:06-cv-3140-RJH-MHD, 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) (noting that default suggests a willful violation "because an innocent party would presumably have made an effort to defend itself").

Although Plaintiffs have established their unfair competition claim based on Defendants' use of the Bucchems mark, they cannot establish unfair competition based on Defendants' reproduction of Plaintiffs' copyrighted packaging—as such a claim is preempted by the Copyright Act. It is true that the unfair competition claim includes an element of bad faith, which is an "extra element" that could theoretically save it from preemption. However, the Second Circuit has clearly stated that "[a]n action will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." *See Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997) (internal quotation marks omitted); *see also Med. Educ. Dev. Servs., Inc. v. Reed Elsevier Grp., PLC*, No. 05 Civ. 8665(GEL), 2008 WL 4449412, at *13 (S.D.N.Y. Sept. 30, 2008) ("[A]llegations of bad faith or ill-intent are insufficient to transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." (internal quotation marks omitted)).

Plaintiffs' final claim is unjust enrichment. To state a claim for unjust enrichment under New York law, a plaintiff must provide proof that "(1) defendant was enriched, (2) at plaintiff's

10

expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *See Coach, Inc.*, 908 F. Supp. 2d at 436 (quoting *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 544 (S.D.N.Y. 2012)). I conclude that Plaintiffs have established their claim for unjust enrichment as a matter of law where Defendants were enriched by the sale of products bearing Plaintiffs' trademark and where such profits were procured at Plaintiffs' expense and without their consent. In addition, equity and good conscience militate in favor of Plaintiffs in a case involving counterfeiters that have used deception and declined to appear in this case.

However, like the unfair competition claim above, this claim is preempted to the extent it relies on a theory that Defendants reproduced Plaintiffs' copyrighted artwork. Although unjust enrichment contains the additional element of enrichment, which "is not required for copyright infringement," such extra element does not go "far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).

### C. *Damages*

Plaintiffs seek statutory damages "for willful counterfeiting and trademark infringement under the Lanham Act" and "for willful copyright infringement pursuant to the Copyright Act." (Pls. Mem. 19.)[9] Specifically, Plaintiffs seek an award of $50,000 for each of the thirty remaining Defendants, for a total of $2,350,000.[10]

---

[9] "Pls. Mem." refers to Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment and a Permanent Injunction, dated October 24, 2017. (Doc. 32-3.)

[10] One issue that is unsettled in the Circuit is whether a plaintiff may obtain statutory damages for both trademark and copyright infringement based on the same infringing conduct. *Ontel Prods. Corp. v. Amico Int'l Corp.*, No. 07 Civ. 7356(JGK)(FM), 2008 WL 4200164, at *4 (S.D.N.Y. Aug. 19, 2008) (collecting cases), *adopted by* 2008 WL 4298504 (S.D.N.Y. Sept. 11, 2008). However, the Court need not resolve this issue where, as here, either the Lanham Act or the Copyright Act alone allow for substantial damages as a result of Defendants' willful infringement. *See, e.g.*, *Ontel Prods. Corp. v. Airbrushpainting Makeup Store*, No. 17 Civ. 0871, ECF No. 40, at 2–4 (S.D.N.Y. June 29, 2017) (observing that either the Lanham Act or Copyright Act permit damage awards of well

Under the Lanham Act, a trademark owner may elect to recover statutory damages rather than actual damages, and a court may award statutory damages of $1,000 to $200,000 "per counterfeit mark per type of goods sold . . . as the court considers just." 15 U.S.C. § 1117(c). For willful infringement, a court may award up to $2,000,000 "per counterfeit mark per type of goods or services sold . . . as the court considers just." *Id.* Courts in this district have used the following factors when determining a statutory damages award: "(1) 'the expenses saved and the profits reaped;' (2) 'the revenues lost by the plaintiff;' (3) 'the value of the copyright;' (4) 'the deterrent effect on others besides the defendant;' (5) 'whether the defendant's conduct was innocent or willful;' (6) 'whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;' and (7) 'the potential for discouraging the defendant.'" *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (quoting *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)).

The Copyright Act also permits copyright holders to elect statutory rather than actual damages. 17 U.S.C. § 504(c)(1). A court may award from $750 to $30,000 per work infringed "as the court considers just." *Id.* For willful infringement, a court may award statutory damages of "not more than $150,000" per work infringed. § 504(c)(2).

Courts in this district have used the following factors when determining a statutory damages award for copyright or trademark infringement: (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the trademark or copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendants' conduct was

---

over $100,000 for willful infringement, declining to resolve the unsettled legal issue, and finding plaintiff's statutory damages request of $50,000 total per defendant for willful infringement to be reasonable).

12

innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 165 (E.D.N.Y. 2016) (citing *Fitzgerald Publ'g. Co.*, 807 F.2d at 1116–17).

Here, Defendants' default has denied Plaintiffs the ability to take fact discovery, and thus frustrated the Court's ability to calculate precisely the profits reaped and lost. Thus, the Court cannot meaningfully assess factors one and two. As for factor three, the value of the trademark or copyright, Plaintiffs have submitted no evidence that quantifies the value of Bunchems. Nonetheless, the Court can infer substantial value from Plaintiffs' large national advertising campaign using multiple platforms, (56.1 Stmt. ¶¶ 7–8, 12), and from the product's success, (*id.* ¶ 10; *cf. AW Licensing, LLC v. Wang Bao*, No. 15 Civ. 1373, 2016 U.S. Dist. LEXIS 101150, at *7 (S.D.N.Y. Aug. 2, 2016) (inferring from reputation that a mark was valuable)). The fifth factor asks whether Defendants' conduct was innocent or willful. Here, because Defendants marks are almost identical to Plaintiffs' marks, (*see* Compl. Ex. A; Arnaiz Decl. Ex. D), "the conclusion is inescapable that defendants' infringement and counterfeiting is intentional." *Coach, Inc. v. Melendez*, No. 10 Civ. 6178(BSJ)(HBP), 2011 WL 4542971, at *5 (S.D.N.Y. Sept. 2, 2011). The sixth factor asks whether Defendants have cooperated; in the case of default, the answer is clearly no. For the fourth and seventh factors, deterrence, the Court believes a substantial award is justified to help discourage Defendants and other counterfeiters. *See All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 617 (S.D.N.Y. 2011) (finding an award of statutory damages of $25,000 for infringement of a website was appropriate as a specific deterrent to the defendants and as a general deterrent to others).

Of the factors that the Court can weigh, all militate in favor of a substantial award of

statutory damages.  Accordingly, Plaintiffs' request for a statutory damage award of $50,000 per Defendant is reasonable considering that the maximum damages for willful infringement under the Copyright Act are $150,000 per infringement and $2,000,000 under the Lanham Act. Numerous courts in this Circuit have granted similar damages in cases where defendants defaulted.  *E.g.*, *id.* at 624 (awarding damages between $25,000 and $50,000 per mark); *Ontel Prods. Corp.*, No. 17 Civ. 0871, ECF No. 40, at 4 (awarding $50,000 total per defendant).  And others have granted statutory damages far exceeding Plaintiffs' request here.  *E.g.*, *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 Civ. 996, 2004 WL 1542253, at *5 (S.D.N.Y. July 9, 2004) (awarding $900,000 for defendant's willful infringement of thirty copyrights despite plaintiff's inability to show actual damages).

V. **Conclusion**

For the reasons stated above, Plaintiffs' motion for summary judgment is GRANTED in part and DENIED in part.  Plaintiffs' motion is GRANTED with respect to Plaintiffs' Lanham Act claims, federal copyright infringement claim, and their claims under N.Y. Gen. Bus. Law §§ 349–350.  Plaintiffs' motion is DENIED with respect to Plaintiffs' unfair competition and unjust enrichment claims under New York common law.  Accordingly, it is hereby:

ORDERED that statutory damages are awarded in the amount of $50,000 for each of the forty-seven remaining Defendants plus post-judgment interest.

IT IS FURTHER ORDERED that the preliminary injunction is converted into a permanent injunction, including an extension of the asset restraint.

IT IS FURTHER ORDERED that the parties appear for a conference on April 4, 2019 at 3:30 p.m. to discuss the nature and volume of Defendants' restrained assets and Plaintiffs' application for attorneys' fees.  Plaintiffs shall submit, no later than seven (7) days prior to the

conference, contemporaneous billing records and a letter of no more than three (3) pages providing support for the reasonableness of the fees and costs requested.

IT IS FURTHER ORDERED that, within thirty (30) days of this order, Plaintiffs shall serve this order on Defendants by electronic service and file proof of service on the docket.

The Clerk of Court is respectfully directed to terminate the motion at Document 32.

SO ORDERED.

Dated: February 6, 2019
      New York, New York

_____
Vernon S. Broderick
United States District Judge